RANDOLPH A. L. CODMAN *versus* ELISHA STROUT and Trustee: and

ELISHA STROUT *versus* SAMUEL R. CLEMENTS.

It is not competent to bring the decisions of a Judge of the District Court into this Court for revision, when given in two distinct suits wherein the parties are not the same, by one bill of exceptions.

Where a suit had been commenced, and the demand had been submitted to the decision of referees by rule of court, and the referees had met and adjourned, and afterwards again met and made their report; and, after the first meeting of the referees and before the second, the defendant had been summoned as trustee of the creditor at the suit of a third person, and had come into Court and disclosed credits in his hands; *it was held*, that the proceedings in the trustee process furnished no sufficient ground for refusing to accept the report, or for holding the trustee chargeable.

THE actions *R. A. L. Codman* v. *Elisha Strout*, and *S. R. Clements*, Trustee, and *Elisha Strout* v. *Samuel R. Clements* came, thus entitled, from the District Court to this Court by one bill of exceptions, signed by Messrs. Codman & Clements, but they were entered as separate actions. The facts appear in the opinion of the Court.

*Codman & Fox* argued for Codman and for Clements, and contended that Clements should have been charged as trustee; and that being rightly charged, furnished a good defence for him in Strout's suit. Clements was summoned as trustee before the referees met. Having submitted the claim of Strout against him to the decision of referees, does not prevent his

being summoned and held as trustee. The only question is, whether he could have been protected. It was not too late for him to have had complete protection, by deducting the amount of Mr. Codman's debt against Strout from the sum awarded in Strout's favor against Clements, or recommitting the report to the referees for that purpose. *Smith* v. *Barker*, 1 Fairf. 458; St. 1839, c. 368; Rev. St. c. 119, § 13.

*Swasey*, for Strout, said that there was no legal objection to the acceptance of the report; and therefore its [acceptance was a mere discretionary act. No legal rights were involved, and exceptions do not lie to the exercise of this power by the District Judge. 8 Greenl. 288; 15 Maine R. 159; 17 Maine R. 169; 1 Metc. 225; 3 Greenl. 216.

But if the decision of the District Judge is open to revision here, it was clearly right. The reference had been entered into, the papers had been before the referees, the parties had agreed that judgment should be rendered upon their report, and there was no opportunity for Clements to avail himself of this trustee process in defence of Strout's suit against him. If there was any opportunity, it was before the referees at their last hearing. But it was not presented there. 3 Mass. R. 121; 13 Mass. R. 215; 17 Maine R. 401; 19 Maine R. 458.

The opinion of the Court was drawn up by

WHITMAN C. J. — In the last of these cases an agreement to refer was entered between the parties, and a rule of court thereupon taken out, and handed to the referees, who met and heard the parties; and adjourned for a further hearing; after which, and before the next meeting, the plaintiff, in the first case, had commenced the above suit against the plaintiff in the last, and summoned the defendant therein as his trustee. The referees thereafter proceeded, and made a report in favor of Strout; before which Clements had made a disclosure, denying his indebtedness to Strout; but, after the report was made against him, disclosed further, expressing a willingness to be adjudged trustee for the amount due to said Codman, and to have the same deducted from the judgment to be ren-

dered upon the report. And the said Codman thereupon objecting to the acceptance of said report, filed a motion in writing, that the said Clements should be adjudged trustee, and that the amount of his, the said Codman's, judgment, rendered against the said Strout, with costs for the trustee, should be deducted from the amount of said award; or that the report should be recommitted, with instructions to deduct that amount, on proof that the same had been paid to him by said Clements. But the Court overruled the motion, and adjudged that the report should be accepted, and that the trustee should be discharged. Whereupon the said Codman and said Clements filed exceptions to the said adjudications as against law.

We however think, that it is not competent for parties to blend two suits in this way, in one bill of exceptions, and thereby bring them into this Court. If Clements was aggrieved by the adjudication against him he should have excepted; and, if Codman was aggrieved at the adjudication in his suit, he should have filed his exceptions therein.

But, on looking into the causes of complaint, set forth in the exceptions, we do not see that either could have claimed to have been aggrieved. After the suit of *Strout* v. *Clements* was submitted to referees, under a rule of court, and a report made, it was too late to refuse its acceptance for the causes set forth, and to render judgment thereon. And in such case the trustee could not be held as chargeable. It was not in his power to arrest the proceeding in the action of Strout against him. He had agreed, that, on report being made, judgment should be rendered thereon. It would have been altogether unprecedented for the Court to have interfered, and have refused to enter judgment, when there was no legal objection to the report itself; and especially to enter up judgment for a part of the sum awarded, in order that the defendant might be enabled to give to the other part a destination contrary to what he had agreed upon. Such an act on the part of the Court would, moreover, have been arbitrary, and unprovided for by any statutory regulation, or recognized rule of law.

The bill of exceptions, and the actions aforesaid are dismissed from this Court.